UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN J. BANK, | Case No. 2:22-cv-01710-CDS-NJK |
| Petitioner, | ORDER |
| v. | [ECF No. 1] |
| THE HONORABLE DIANA SULLIVAN, *et al.*, | |
| Respondents. | |

Petitioner Steven J. Bank ("Bank" or "Petitioner") paid his filing fee and filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking federal review related to his ongoing state criminal case and pretrial detention. ECF No. 1. This matter comes before the Court on initial review under the Rules Governing Section 2254 Cases ("Habeas Rules"). For the reasons discussed below, the Court finds that federal abstention is required, so the petition is dismissed without prejudice.

A.   BACKGROUND[1]

On October 10, 2022, the State filed a criminal complaint charging Bank with assault with the use of a deadly weapon. His case, *State of Nevada v. Steven Javier Bank*, Case No. 22-CR-039899, remains pending before the Las Vegas Justice Court. Indeed, it appears that Bank just had his initial appearance in the matter on October 11, 2022, and he is currently out on bond.

In his petition for federal habeas relief, Bank alleges that (1) the Las Vegas Metropolitan Police Department did not properly administer his rights under *Miranda*, (2) the Las Vegas Metropolitan Police Department did not attempt to ascertain the identity of the alleged victim, who had been pretending to be a part of a work crew when he was actually "a junkie or heroin addict casing" a property across the street from Bank's property, and (3) Bank was not carrying a

---

[1] The procedural history in this section is derived from Bank's allegations as well as his criminal matters in the Las Vegas Justice Court. This Court takes judicial notice of the Las Vegas Justice Court online docket.

concealed weapon—rather it was only a "bb pistol"—when he warned the alleged victim to leave. ECF No. 1 at 2, 5–7. Bank asks this Court to grant his writ and order the return of his air rifle and CO2 pistol. *Id.* at 7.

B.   DISCUSSION

Habeas Rule 4 requires federal district courts to examine a habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). Because a federal habeas petitioner incarcerated by a state must give state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition, federal courts will not consider his petition for habeas relief until he has properly exhausted his available state remedies for all claims raised. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). To properly exhaust state remedies on each claim, the habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based). A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal claim is based. *Bland v. California Dep't of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).

Bank has not alleged or demonstrated that he has fully exhausted his state court remedies. Indeed, Bank stated that he has not appealed any decision, filed a grievance, or sought an administrative remedy. *See* ECF No. 1 at 2; *see, e.g., Arevalo v. Hennessy*, 882 F.3d 763, 764–67 (9th

Cir. 2018) (finding that California petitioner properly exhausted his state remedies by filing two motions in the trial court, a habeas petition in the court of appeal, and a habeas petition in the state supreme court, each of which was denied).

But even if this Court assumes that Bank has exhausted his claims, he seeks federal judicial intervention in a pending state criminal proceeding, which is simply not available to him. *Cf. e.g., Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83–85 (9th Cir. 1980). The comity-based *Younger* abstention doctrine prevents federal courts from enjoining pending state court criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37, 53–54 (1971). The United States Supreme Court has instructed that "federal-court abstention is *required*" when there is "a parallel, pending state criminal proceeding." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (emphasis added); *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) (federal courts generally abstain from granting any relief that would interfere with pending state judicial proceedings). Injuries are only irreparable if the threat to a petitioner's federally protected rights cannot be eliminated through his defense of the criminal case. *Younger*, 401 U.S. at 46.

This case does not present extraordinary circumstances. Bank challenges law enforcement's arrest and investigation. Defendants in state criminal proceedings routinely allege that state criminal proceedings violate their constitutional rights, including fundamental rights, which makes this a common occurrence, not an extraordinary circumstance. Bank's situation is similar to that of any criminal defendant facing the potential loss of constitutional rights— including the most fundamental right, to liberty—in a pending criminal prosecution. In addition, Bank's pretrial motion practice or defenses at trial may ameliorate any threat to his federally protected rights. He thus faces no extraordinary or irreparable injuries, so federal abstention is required. Because the charges against Bank are still pending, dismissal of this action without prejudice will not materially impact the analysis of any issue in a later-filed habeas proceeding or otherwise result in substantial prejudice.

C.  CONCLUSION

IT IS THEREFORE ORDERED that Petitioner Steven J. Bank's petition for writ of habeas corpus [ECF No. 1] **is DISMISSED without prejudice**.

IT IS FURTHER ORDERED that a certificate of appealability is denied, as jurists of reason would not find dismissal of the petition to be debatable or wrong.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to informally electronically service Respondents under Rule 4 of the Rules Governing Section 2254 Cases by adding Nevada Attorney General Aaron D. Ford as counsel for respondents and sending a notice of electronic filing to his office of the petition [ECF No. 1] and this order.  No response is required from Respondents other than to respond to any orders of a reviewing court.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to enter final judgment dismissing this action without prejudice and close this case.

DATED: October 13 2022

_____
UNITED STATES DISTRICT JUDGE